IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

USDC-EDPA
FILED CLERK
05 AUG 29 PM 9: 23

| | |
|---|---|
| MARTIN V. KLOTZ, on behalf of himself and others similarly situated, | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) ) |
| TRANS UNION, LLC, and TRANS UNION CORPORATION, | ) ) ) |
| *Defendants.* | ) ) |

Jury Trial Demanded

## COMPLAINT – CLASS ACTION

By his attorneys, plaintiff Martin V. Klotz ("Klotz") brings this action against defendants Trans Union LLC ("TU") and Trans Union Corporation ("TUC") (collectively "Defendants"), on behalf of himself and two classes of all others similarly situated ("Classes" or "Class Members").

### SUMMARY OF CLAIM

1.    This is a class action arising under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. §§ 201 *et seq.* ("UTPCPL").

2.    FCRA protects the rights of consumers and the integrity of the banking system as a whole.  (FCRA, 15 U.S.C. § 1681a.)  The law requires that consumer reporting agencies adopt procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a

--

1

manner that is fair and equitable to the consumer with regard to the accuracy, relevance and proper utilization of such information in accordance with FCRA's requirements. (*Id.*) FCRA protects consumers from inaccurate information in consumer reports and mandates credit reporting procedures that use correct, relevant and up-to-date information in a responsible manner. (*Id.*)

3.   The purpose of the UTPCPL, articulated by the Pennsylvania Supreme Court, is to protect the public from unfair or deceptive business practices. *Commonwealth v. Monumental Properties*, 459 Pa. 450, 457-61, 329 A.2d 812, 815-17 (1974). The statute places the consumer and the seller of goods and services on more equal terms. *Id.* at 458-59, 329 A.2d at 816. To effectuate the remedial goals of the statute, courts should construe its provisions liberally. *Id.*

4.   Defendants constitute credit reporting agencies under FCRA's statutory mandate, *inter alia*, to reinvestigate and report on disputed items of credit information within 30 days beginning on the date it receives the consumer's notice of dispute.  Congress mandates that credit reporting agencies provide this consumer service free of charge.  FCRA's plain language places the burden of reinvestigation on the credit reporting agency.

5.   In violation of FCRA and UTPCPL, Defendants engaged and continue to engage in consumer fraud by responding to consumers' dispute

--

notification with form letters designed unlawfully to deny, delay, frustrate, complicate and/or make impossible or unconscionable consumers' exercise of their rights arising under defendants' statutory duties to reinvestigate and report on disputed credit items of information (collectively "GO AWAY LETTERS").

6.    Previously, the Federal Trade Commission ("FTC") sued TUC for violations of its statutory duty under FCRA to maintain a dedicated toll-free telephone number consumers could call to speak with TUC's personnel during normal business hours concerning questions they have about, or dispute items they believe to be inaccurate in, their credit reports.  The FTC's investigation disclosed that TUC violated FCRA, 15 U.S.C. § 1681g(c)(1), by continuously and systematically engaging in the following misconduct designed to unlawfully frustrate consumers' exercise of their rights arising under TUC's statutory duties to reinvestigate and report on disputed credit items of information.

- During normal business hours over a million calls to the dedicated toll free number received a busy signal or message indicating that the consumer must call back because all representatives are busy.

- A number of callers to TUC's dedicated toll free number experienced an unreasonable hold time while waiting to speak with TUC's personnel during normal business hours.

- Based on telephone number of origin, including without limitation, area code, TUC denied certain incoming telephone calls access to personnel at its dedicated toll free number.

--

3

The FTC's suit resulted in TUC paying hundreds of thousands of dollars in fines and penalties, in addition to entering a consent decree (commencing in 2000) prohibiting it from engaging in the misconduct described above and affirmatively requiring that TUC employ sufficient personnel to carry out its statutory duties to consumers who dispute items on their credit reports.

7.     On October 26, 1992, nineteen state attorneys general also obtained a federal consent decree against TUC for, *inter alia*, reinvestigation violations. *State of Alabama v. Trans Union Corp.*, No. 92 C 7101 (N.D. Ill.). Nevertheless, defendants continue to frustrate consumers' inquiries by other stratagems set forth below.

## PARTIES TO THE ACTION

8.     Plaintiff Martin V. Klotz is a resident of Tannersville, Pennsylvania. Within the two years preceding the filing of this Complaint, defendants received notices of dispute regarding items of information in Klotz's credit report.  In violation of its statutory duties to reinvestigate and report back to the consumer regarding disputed items of information, defendants sent Klotz GO AWAY LETTERS.

9.     Klotz is a "consumer" within the meaning of FCRA, 15 U.S.C. § 1681a(c), and a purchaser with standing under UTPCPL § 201-9.2.

--

4

10.     Defendants are "persons" under FCRA, 15 U.S.C. § 1681a(b), and "consumer reporting agencies" that compile and maintain files on consumers on a nationwide basis under FCRA, § 15 U.S.C. § 1681a(f) and (p).

11.     Defendants advertise, offer for sale, sell, and distribute in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44, consumer credit information and other information on consumers for the purposes of furnishing consumer reports to third parties. Defendants maintain a customer relations department located in this judicial district (Klotz's letters, attached as Exhibit A, state Cheste"Chester, PA" as the location). Defendants have conducted business under both names during the class periods.  In 2005, moreover, TU was allegedly spun off into an new enterprise called "Trans Union Corporation," believed to be a successor to TU.  The defendants may also be successors-in-interest to one another, and the distinctions between the two may be nominal only.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337(a).  Venue in the Eastern District of Pennsylvania is proper under 28 U.S.C. §§ 1391(b-c), because a substantial part of the events or omissions

--

5

giving rise to the claims (the issuance of GO AWAY LETTERS) occurred at

defendants' facility in this district, and defendants are subject to personal

jurisdiction in this district.

## FACTS COMMON TO ALL COUNTS

A.   <u>Federal Statutory Regime</u>

13.   FCRA, 15 U.S.C. § 1681i(a)(1)(A), mandates that a consumer

reporting agency "reinvestigate" free of charge disputed items of information in

consumer's credit file within 30 days of receiving a request.

14.   FCRA, 15 U.S.C. § 1681i(a)(1)(B), provides the only legal basis on

which a consumer reporting agency may extend the time for reinvestigation:

The 30-day reinvestigation period may be extended for no more than 15 days

when, during the initial 30-day investigation period, a consumer provides the

credit reporting agency additional information relevant to the reinvestigation.

15.   FCRA, 15 U.S.C. § 1681i(a)(2)(A), mandates that, within five business

days beginning on the date of receiving a consumer's notice of dispute, a

consumer reporting agency "provide notice of the dispute to any person who

provided any item of information in dispute. . . . The notice shall include all

relevant information regarding the dispute that the agency has received from

the consumer. . . ."

--

16.     FCRA, 15 U.S.C. § 1681i(a)(4), mandates that a consumer reporting agency "review and consider all relevant information submitted by the consumer" within the 30-day period set out in § 1681i(a)(1)(A).

17.     After review and consideration under FCRA, 15 U.S.C. § 1681i(a)(4),, should a consumer reporting agency determine the consumer's dispute is frivolous or irrelevant under FCRA, 15 U.S.C. § 1681i(a)(3)(A), within five days from that determination, FCRA, 15 U.S.C. § 1681i(a)(3)(B),requires a consumer reporting agency to notify the consumer in writing of (1) "the reasons for the determination under subparagraph (a)" and (2) "identification of any information required to investigate the disputed information . . ." Unless a consumer reporting agency should comply fully with FCRA, 15 U.S.C. § 1681i(a)(3)(A) and (B), it has no legal right to terminate the reinvestigation.

18.     Should a consumer reporting agency reinvestigation reveal the disputed item is inaccurate or incomplete, FCRA, 15 U.S.C. § 1681i(a)(5)(A), requires a consumer reporting agency "promptly" to delete or modify that item of information in the consumer's credit files.  In any event, FCRA, 15 U.S.C. § 1681i(a)(6)(A),requires a consumer reporting agency to provide consumers written notice of reinvestigation results not later than five business days after completion of the reinvestigation.  FCRA, 15 U.S.C. § 1681i(a)(6)(B), sets out the mandatory contents of an (a)(6)(A) notice, which include notice (1) the

--

consumer has the right to request description of the reinvestigation procedure and the contact data for any furnisher of information; and (2) "the consumer has a right to add a statement to the consumer's file disputing the accuracy or completeness of the information."

19.    For willful noncompliance with FCRA's statutory duties, FCRA, 15 U.S.C. § 1681n(a), imposes on a consumer reporting agency liability of between $100 and $1,000 per consumer, punitive damages, attorney fees and costs.

B.    Defendants' Violations of FCRA and UTPCPL

20.    Defendants routinely refuse to reinvestigate and report back to consumers within FCRA's statutory time frames.  Instead, they send consumers GO AWAY LETTERS to discourage and frustrate the exercise of their legal rights under FCRA. (*See* Letters dated June 26, 2003, August 29, 2003 and February 9, 2004, attached and incorporated as Exhibit "A")

21.    Defendants, by sending GO AWAY LETTERS instead of reinvestigating disputed credit report items, engage in an unlawful, unfair and/or fraudulent business practice as well as unfair, deceptive, untrue and/or misleading advertising, in violation of FCRA and UTPCPL, because, *inter alia*:

a.    The letters state that a consumer's dispute is frivolous and refuses to take action on it, without (i) reinvestigating the dispute and/or (ii) giving any reasons for calling the dispute frivolous.

b.    In a manner likely to confuse and mislead consumers, the letters simultaneously (i) state that defendants have terminated any reinvestigation as frivolous; and (ii) attempt to avoid or reset the 30-day clock on disputes by including a "Request for Investigation"

form seeking personal data, without any indication of insufficiency of in the data contained in consumers' dispute notices.

c.   The letters demand that the consumer submit an unlimited, irrevocable power of attorney before defendants will reinvestigate disputed items.

d.   The letters misstate the law by asserting a legal right to refuse to reinvestigate disputes submitted by any person or entity representing or assisting a consumer.

22.   The letters offer consumers no practical alternative if they want to pursue an investigation.  Because no rational person would give an unlimited, irrevocable power of attorney to any other person or entity merely to dispute items on credit reports, as the letters demand, the GO AWAY LETTERS fraudulently, unfairly and unlawfully deny, delay, frustrate, complicate and/or make impossible or unconscionable consumers' exercise of their rights arising under defendants' statutory duties to reinvestigate and report on disputed credit items of information.  To date, defendants' official website contains the following statement: "Please note that we do not accept disputes from third parties unless accompanied by a notarized power of attorney that authorizes a licensed attorney or family member to represent you, or if the power of attorney is unlimited and irrevocable." (Credit Report Dispute Process, Website of Trans Union, www.TransUnion.com, dated August 24, 2005, attached and incorporated as Exhibit "B").

--

9

## FACTS RELATING TO PLAINTIFF

23.    During May to July 2003 and January 2004, letters were sent to defendants disputing certain items on Klotz's credit report.  In violation of all their duties set out above, instead of reinvestigating and reporting back to Klotz within 30 days from the date defendants received his dispute notices, on or about June 26, 2003, August 29, 2003 and February 9, 2004, Klotz received GO AWAY LETTERS virtually identical to each other.

## CLASS ACTION ALLEGATIONS

24.    Under Fed. R. Civ. P. 23, Klotz brings this lawsuit on behalf of himself and two classes of persons similarly situated.  Under FCRA, the class Klotz seeks to represent the following consumers in the United States and its Territories:

> All persons who, on or after August 29, 2003, received defendants' GO AWAY LETTERS in response to notices disputing items on their credit reports.

Under the UTPCPL, the class Klotz seeks to represent comprise the following consumers in the United States and its Territories (except California):

> All persons who, on or after August 29, 1999, purchased a copy of their Trans Union credit report and received defendants' GO AWAY LETTERS in response to notices disputing items on their credit reports.

The Classes described above are each believed to comprise thousands of consumers in Pennsylvania and throughout the United States and its Territories, the joinder of whom is impracticable, and the disposition of whose claims in a

--

class action will provide substantial benefit both to the parties and the court system.  A well-defined community of interest in the questions of law and fact affects all parties represented.  Common questions of law and fact predominate over the questions that may affect Class Members, including but not limited to the following:

  a. Within governing statutes of limitations, did Plaintiff and other Class Members notify Defendants of disputes to credit report information?

  b. Did Defendants send Plaintiff and other Class Members GO AWAY LETTERS rather than timely reinvestigate and report on disputed credit report items?

  c. Does Defendants' sending Plaintiff and other Class Members GO AWAY LETTERS rather than timely reinvestigating and reporting on their credit report disputes constitute an intentional violation of FCRA?

  d. Does Defendants' sending Plaintiff and other Class Members GO AWAY LETTERS rather than timely reinvestigating and reporting on their credit report disputes violate the UTPCPL?

  e. Are the statutory violations alleged herein appropriate predicates for UTPCPL liability, in that they involve unfair, unlawful and/or fraudulent business acts or practices?

  f. What relief may Plaintiffs and other Class Members obtain against Defendants?

  25. Klotz's claims are typical of the claims of the Classes, and they will fairly and adequately represent and protect the interests of the Classes.  Klotz does not have any interests antagonistic to those of the Classes.  Klotz has

--

retained competent and experienced counsel in the prosecution of this type of litigation. The questions of law and fact common to the Class Members, some of which are set out above, predominate over any questions affecting only individual Class Members.

26.     For the following among other reasons, a class action is superior to other available methods for the fair and efficient adjudication of this controversy:

a.     Class Members number in the thousands and individual joinder is impracticable.

b.     Class Members' claims may be such that the expense and burden of individual litigation makes it impracticable, difficult and/or impossible for Class Members individually to redress wrongs done to them.

c.     When defendants' liability has been adjudicated, claims of all Class Members can be administered efficiently and/or determined by the courts.

d.     This action will promote an orderly and expeditious administration and adjudication of Class claims, promote economies of time, effort and resources, and uniformity of decisions will be insured.

e.     Without a class action, Class Members will go without damages to which they are statutorily entitled and/or restitution and future similarly situated consumers will be victimized while defendants' violations of law will proceed without remedy and they will continue to reap the substantial benefits of their wrongful conduct.

f.     There will be no difficulty in the management of this lawsuit as a class action.

## CAUSES OF ACTION

## COUNT I

--

## (VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681n)

27.    Klotz realleges and incorporates by reference all previous allegations, as is fully set forth at length herein, and further alleges as follows:

28.    Defendants knowingly and wilfully violated FCRA in conscious disregard for the rights of consumers who notified defendants that they disputed credit report information, by responding to consumers' dispute notifications with GO AWAY LETTERS designed unlawfully to deny, delay, frustrate, complicate and/or make impossible or unconscionable consumers' exercise of their rights arising under defendants' statutory duties to reinvestigate and report on disputed credit items of information.

29.    Defendants knowingly and wilfully violated FCRA by not reinvestigating free of charge and recording the current status of the disputed information, or deleting the item from the file before the end of the 30-day period beginning on the date on which the agency received the notice of the dispute from the consumer.

30.    Defendants knowingly and wilfully violated FCRA by attempting unilaterally and with no reason to extend the 30-day period for reinvestigating Klotz's and other Class Members' disputes.

31.    Defendants knowingly and wilfully violated FCRA by not providing notices of Klotz's and other Class Members' disputes to their respective furnishers

--

13

of credit information within five business days beginning on the date of receiving a consumer's notice of dispute.

32. Defendants knowingly and wilfully violated FCRA by refusing to review and consider all relevant information submitted by Klotz and other Class Members within the 30-day period set out in § 1681i(a)(1)(A).

33. Defendants knowingly and wilfully violated FCRA by refusing to review and give consideration to Klotz's and other Class Members' dispute notifications yet stating they are frivolous or irrelevant.

34. Defendants knowingly and wilfully violated FCRA by refusing to notify Klotz and other Class Members in writing of the reasons for a frivolous or irrelevant determination or identify any information required to investigate the disputed information.

35. Defendants knowingly and wilfully violated FCRA by terminating the reinvestigation without complying with these statutes.

36. Defendants knowingly and wilfully violated FCRA by refusing to provide consumers written notice of reinvestigation results not later than five business days after completion of the reinvestigation.

--

37.     Defendants' pattern or practice of defrauding consumers by finding new ways to violate their statutory duties timely to reinvestigate and report credit report disputes warrants punitive damages. Neither the FTC action and Consent Decree nor substantial jury verdicts has deterred Defendants' consumer fraud.

38.     Under FCRA, defendants' wilful failure to comply with FCRA entitles Klotz and other Class Members to a statutory damage award of not less than $100 and not more than $1,000 per class member, and such punitive damages as the Court may allow, as well as prejudgment interest, attorney fees and costs.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth below.

## COUNT II

### (VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW)

39.     Plaintiff Klotz realleges and incorporates by reference all previous allegations, as if fully set forth at length herein, and further alleges as follows:

40.     Plaintiff Klotz alleges a claim, on his own behalf and on behalf of a class of similarly situated persons, under the UTPCPL, which provides, *inter alia*, that "(u)nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful. 73 Pa. Stat. Ann. § 201-

--

3. The dispute letters originated from Pennsylvania; hence, the violations emanated from that state, constituting significant contact or significant aggregation of contacts to the claims asserted by class members to create state interests ensuring that the choice of Pennsylvania law is fair and non-arbitrary.

41.     Because the UTPCPL is based on the Federal Trade Commission ("FTC") Act, 15 U.S.C. §§ 41-58, and FCRA effectively amends the FTC Act by declaring "violation(s) of any requirement or prohibition" of the former statute to be unfair or deceptive acts or practices under the latter one, 15 U.S.C. § 1681s(a)(1), violations of FCRA are among the unfair or deceptive acts or practices the UTPCPL forbids.

42.     UTPCPL § 201-9.2 provides that "(a)ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by any person of a method, act or practice declared unlawful by section 3 of this act, may bring a private action to recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in

--

16

addition to other relief provided in this section, costs and reasonable attorney fees."

43.     Klotz purchased a copy of his Trans Union credit report from defendants for personal, family or household purposes.  Defendants profited from Klotz's purchase and have, with respect to this report, engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce as alleged above, against Klotz and the plaintiff class.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

A.     Certification of this case as a Rule 23 class action;

B.     A declaration that Defendants' practices, as herein described, violate FCRA and UTPCPL;

C.     Award of statutory and punitive damages to plaintiff and the classes;

D.     Pre- and post-judgment interest;

E.     Attorneys' fees, costs and expenses; and

F.     Any other legal, statutory or equitable relief to which plaintiff or the classes may be entitled.

--

17

Plaintiffs demand a trial by jury.

Respectfully submitted,

*MPW3606*

Marc P. Weingarten
Locks Law Firm
1500 Walnut Street, 20th Floor
Philadelphia, PA  19102
(215) 893-3404 (voice)
(215) 893-3444 (fax)
mweingarten@lockslaw.com

Joann Shields
Shields Law Firm, P.C.
185 South State Street, Suite 1100
Salt Lake City, UT 84111
(801) 257-7676 (voice)
(801) 532-7750 (fax)
jshields@shieldslawfirm.net

Michael M. Mulder
Paul W. Mollica
Jamie S. Franklin
Meites, Mulder, Burger & Mollica
208 S. LaSalle St., Suite 1410
Chicago, IL 60604
(312) 263-0272 (voice)
(312) 263-2942 (fax)
pwmollica@mmbmlaw.com

Stephen J. Hill
Parr, Waddoups, Brown, Gee &
Loveless
185 South State Street, Suite 1300
Salt Lake City, UT 84111
(801) 532-7840 (voice)
(801) 532-7750 (fax)
sjh@pwlaw.com

--

P.O. Box 2106
CHESTER, PA 19022

RETURN SERVICE REQUESTED

JUNE 26, 2003                    FILE NUMBER I18302093

00003498
MARTY V KLOTZ
490 POB 490
TANNERSVILLE, PA 18372

Thank you for contacting TransUnion. Our goal is to maintain
complete and accurate information on your credit report. We
have provided the information below in response to your request.

Re: General Monitoring Of Your Credit Report

We received a dispute regarding your credit report from a credit
repair agency. Our experience shows that credit repair agencies
routinely and knowingly dispute accurate information. For this
reason, we will not take action on the dispute submitted from the
credit repair agency.

Under Federal law, if you believe any item on your credit report
is inaccurate or incomplete, and you notify us, we will re-verify
the information at absolutely no cost to you. If this is the
case, please submit your dispute to us and identify the item(s)
you believe are inaccurate, and describe specifically why you
believe the information is inaccurate. For your convenience, we
have included a "Request for Investigation" form for your use.
Upon receiving your correspondence, we will investigate and
respond to you in writing within 30 days, at no cost to you.

Please note that we do not accept disputes from third parties
unless accompanied by a notarized power of attorney that
authorizes a licensed attorney or family member to represent you,
or if the power of attorney is unlimited and irrevocable.

If you believe the credit repair agency misrepresented their
services to you, and you would like to be referred to the
appropriate law enforcement agencies to file a complaint, let us
know and we will provide a referral.

If you have any additional questions or concerns, please contact
TransUnion at the address shown below, or visit us on the web at
www.transunion.com for general information. When contacting our
office, please provide your current file number I18302093.

PAGE 01

A-1

RETURN SERVICE REQUESTED

AUGUST 29, 2003                     FILE NUMBER 118302093


00001994
MARTY V KLOTZ
490 POB 490
TANNERSVILLE, PA 18372


Thank you for contacting TransUnion. Our goal is to maintain
complete and accurate information on your credit report. We
have provided the information below in response to your request.

Re: Your TransUnion Credit Report

We recently received a dispute regarding your credit report from
a third party that we believe operates as a credit repair
organization. According to the Federal Trade Commission, credit
reporting agencies are not required to process disputes submitted
by third parties. In addition, our experience shows that many
credit repair organizations dispute accurate information or
submit irrelevant disputes. We have reasonably determined that
the dispute submitted on your behalf is frivolous or irrelevant.
For these reasons, we will not take action on the dispute.

Under federal law, if you believe any item on your credit report
is inaccurate or incomplete, and you notify us directly, we will
reinvestigate the information at no cost to you. If this is the
case, please submit your dispute directly to us and identify the
item(s) you believe is inaccurate and describe specifically why
you believe it is inaccurate. Please complete the enclosed
Request for Investigation form and return it to us at the address
below. Upon receiving your request, we will reinvestigate the
item(s) and respond to you in writing within 30 days.

Please note that we do not accept disputes from third parties
unless accompanied by a notarized power of attorney that
authorizes a licensed attorney or a family member to represent
you, or if the power of attorney is unlimited and irrevocable.

If you believe the credit repair organization misrepresented its
services to you, and you would like to be referred to the
appropriate law enforcement agencies to file a complaint, let us
know and we will provide a referral.


                          PAGE 01

                                        A-2

RETURN SERVICE REQUESTED

FEBRUARY 09, 2004            FILE NUMBER 123541943


#0002360
MARTIN KLOTZ
POB 490
TANNERSVILLE, PA 18372


Thank you for contacting TransUnion. Our goal is to maintain
complete and accurate information on your credit report. We
have provided the information below in response to your request.

Re: Your TransUnion Credit Report

We recently received a dispute regarding your credit report from
a third party that we believe operates as a credit repair
organization. According to the Federal Trade Commission, credit
reporting agencies are not required to process disputes submitted
by third parties. In addition, our experience shows that many
credit repair organizations dispute accurate information or
submit irrelevant disputes. We have reasonably determined that
the dispute submitted on your behalf is frivolous or irrelevant.
For these reasons, we will not take action on the dispute.

Under federal law, if you believe any item on your credit report
is inaccurate or incomplete, and you notify us directly, we will
reinvestigate the information at no cost to you. If this is the
case, please submit your dispute directly to us and identify the
item(s) you believe is inaccurate and describe specifically why
you believe it is inaccurate. Please complete the enclosed
Request for Investigation form and return it to us at the address
below. Upon receiving your request, we will reinvestigate the
item(s) and respond to you in writing within 30 days.

Please note that we do not accept disputes from third parties
unless accompanied by a notarized power of attorney that
authorizes a licensed attorney or a family member to represent
you, or if the power of attorney is unlimited and irrevocable.

If you believe the credit repair organization misrepresented its
services to you, and you would like to be referred to the
appropriate law enforcement agencies to file a complaint, let us
know and we will provide a referral.

PAGE 01                    A-3



home | personal solutions | business solutions | about us | press room | careers | contact us | affiliate pro

## Credit Report Dispute Process

**Credit Reporting**

**Personal Credit Score**

**Order Credit Report & Score**

**Dispute Credit Report** ◄

    Dispute Online
    Dispute By Phone
    Dispute By Mail

**Fraud Victim Information**

**Opt-Out**

**Frequently Asked Questions**

**Credit Terminology**

**Customer Support**

Our goal is to maintain complete and accurate information on your TransUnion credit report. If you do not recognize information on your credit report, or believe an item may be inaccurate, you may request us to investigate the data and correct any discrepancies. Only inaccurate information may be removed from your credit report; negative information that is accurate will stay on your credit report as long as governing laws allow. Learn more on dispute.

**Dispute online:**
The security of all sensitive and personal information is one of our highest priorities. Information that you provide to us through this online process is electronically scrambled through Secure Socket Layer (SSL) encryption codes and carefully safeguarded throughout the process. You may start to

    dispute online

**Dispute with alternative method:**
Alternatively, you may also

    dispute by phone    or

    dispute by mail

### Frequently asked questions on dispute credit report

**Q: What will happen after I submit my dispute?**

Once you submit your dispute:
- TransUnion will contact the party that provided the information (lender or public record source) and request it to verify the accuracy of the information.
- The party will then inform TransUnion of any changes that should be made to the information.
- If you submit your dispute using the TransUnion Online Investigation Service, we will send a Resolution Notification to your email address, and you can log into your account to view online the result and an updated copy of your credit report, reflecting the results of the investigation. If you submit your dispute using other alternative method, such as by phone or by mail, we will mail you, via postal mail, the result and an updated copy of your credit report (note: mail delivery typically takes 3-5 business days). We will send the Resolution Notification email or the mail to you, usually within 30 days of receiving your initial request.
- If you are not satisfied with the resolution of the investigation, you may add a consumer statement to your TransUnion credit report. This is a section of your file where you can provide additional explanation. If you would like, we can even help you write this statement.

**Q: Should I use a credit repair service?**

B-1

If you are tempted to contact a credit repair company for help, use considerable caution. The FTC and a number of state attorneys general have sued credit repair companies for falsely promising to remove bad information from credit reports. Only inaccurate information may be removed from your credit report; negative information that is accurate (such as a bankruptcy filing or a defaulted loan) will stay on your credit report as long as governing laws allow.

Under Federal law, if you believe any item on your credit report is inaccurate or incomplete, and you notify us, we will re-verify the information at absolutely no cost to you. Please note that we do not accept disputes from third parties unless accompanied by a notarized power of attorney that authorizes a licensed attorney or a family member to represent you, or if the power of attorney is unlimited and irrevocable.

Copyright © 2001-2004 Trans Union LLC    privacy policy    terms of use    site map

B-2